Aron Steuer, J.
Plaintiff applied for a preference pnrsnant to subdivision 5 of rule Y of the New York County Supreme Court Eules for Trial Terms. The bill of particulars submitted thereon did not show the existence of such injuries as would warrant granting the application but did show enough to induce the belief that if the limited description in the bill were amplified it might well be that these injuries would be found to be in that classification. Consequently the decision was that the preference was found not to be warranted but the application might be renewed upon proper medical proof of the consequences of the injuries.
Plaintiff does not, apparently, wish to avail herself of the permission therein granted. Her attorney states that, prompted by a respect for the court, he interviewed the attending physician with a view to preparing the indicated affidavit. The doctor refused to execute an affidavit but did give a certificate which is attached to the papers.
However this is all by way of background. Plaintiff does not move to have the original application reconsidered upon the additional matter set forth in the certificate. She moves to have the court direct the calendar clerk place “ the action on *264 the calendar in its regular order to be reached for trial with other cases placed on the calendar at the same time.”
Perhaps the simplest method of disposal would be, despite the form of the present application, to consider it as a renewal of the prior application. The difficulty with that course is that should the application be granted, plaintiff and her attorney would undoubtedly assume that the challenge to the validity of rule V resulted in capitulation and that all that was necessary to obtain a preference was to demand it as a matter of right.
Consequently without regard to the merits of this particular action it is necessary to meet the plaintiff on the ground that her attorney has selected for her.
Of course what the plaintiff specifically seeks she already has. Her case has been placed on the calendar in just the place that the chronological filing of her note of issue entitles her. But the question is not considered on this narrow ground. What the plaintiff intends to ask is to have her case advanced to the same degree that cases in which a preference has been granted are advanced.
The right of the court to prefer cases because of the nature of the action or special circumstances is of immemorial origin and this power is apparently not questioned. If it is, the power is of such standing and the arguments in favor of its existence so irrefutable that any defense would be supererogation. The specific claim is that the court must accept the figures put in the demand for relief and barring special circumstances, whenever this amount exceeds the statutory limits of the courts of limited jurisdiction accord the case the same priority of trial as all others. In other words all personal injury cases must be tried in order without further inquiry. At one time this was the procedure. The result was an accumulation of cases in which verdicts below the jurisdictional limits of other courts not only resulted but could be anticipated. It was consequently within the power of any plaintiff or his attorney to delay the trial of a case rightfully in the Supreme Court until his own case, which could be disposed of in other forums, was tried. It was to meet this situation that rule V was amended and the procedures consequent to it instituted.
Despite this it is common knowledge that substantially the greater number of personal injury cases are disposed of either by verdict or settlement for sums less than $6,000, while there is an absence of instances where cases transferred to other courts met embarrassment because a verdict larger than the jurisdictional limits could have been had. It follows that in practice there has been deprivation of rights.
*265 As pointed out, the power to advance cases under various circumstances is unquestioned. What is questioned is that where a preference is denied the practical result is that the number of preferred cases will prevent the nonpreferred case from ever coming to trial. This may very well be. And from this it is assumed that the court thereby acquires the right to designate the court in which the action can be brought. Actually this is not the fact. At most plaintiff’s position in this court is made unfavorable. The Legislature has already done that in providing that a verdict substantially below the jurisdictional figure should not carry costs (Civ. Prac. Act, § 1474). Bule Y merely places an additional discouragement on the plaintiff who refuses to put a realistic appraisal on his case.
But, argues this plaintiff, the court has no right to differ with the plaintiff’s own appraisal. No matter what figure is put in the ad damnum clause the court must be as patient as the paper it is written on and accept it with the same indifference. If that is the law it would be well to know it now so that efforts to restrain the unlimited enthusiasm of a certain percentage of plaintiffs may be abandoned and the community taught to be resigned to the awesome statistics of an unrestricted docket. However, that is not believed to be the law. The appraisal is made by the court on the basis of the uncontested statement by the plaintiff. No voice is heard in opposition to it. “These”, says plaintiff, “ are the injuries ”, and so for the purposes of the rule they are. There is no prejudging of the facts, merely of the amount those injuries may fairly demand in compensation.
The power of the court to make a determination of that character is not to be questioned. After trial the court has always had the power to set aside verdicts that are excessive or inadequate. What is this but an appraisal of the fair compensation to be awarded to injury? If the claim is made that this is only after trial, the obvious answer is that the appraisal in question is made on the plaintiff’s own statement and better than that he cannot expect to establish.
Lastly plaintiff claims that the exigencies of the rule require plaintiff to reveal evidence in advance. This is the concept that litigation is some sort of contest to be determined by strategem rather than truth. The element of surprise has no legitimate place in a lawsuit. It is a maneuver much favored by those whose desire is to win at any cost and to be neither protected nor countenanced by a court.
If plaintiff desires to have her application reheard on its merits she may do so by a proper application.
Motion denied.